WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>v.<br><br>Ryan Phillip Schlesinger,<br><br>   Defendant. | No. CR-18-02719-TUC-RCC (BGM)<br><br>**ORDER** |

Pending before the Court is Defendant Ryan Schlesinger's motion for an order requiring the Government to submit "an informative outline" of the aggravating factors it intends to introduce in a potential penalty phase. (Doc. 238.) The Government opposes the motion. (Doc 280.) The Court heard oral argument on August 3, 2021. The motion is granted as set forth herein.

**I.    Background.**

On November 30, 2018, a complaint was filed against Schlesinger charging him with the premeditated killing of Deputy United States Marshal C.W. in violation of 18 U.S.C. §§ 1111 and 1114. (Doc. 1.) C.W. was part of a task force serving Schlesinger with a felony arrest warrant at his residence on November 29, 2018. (*Id.*) Schlesinger opened fire on the agents, striking and killing C.W. (*Id.*) Schlesinger was arrested shortly thereafter. (*Id.*)

The Government filed a superseding indictment ("Indictment") on September 30, 2020, charging Schlesinger with two death-penalty-eligible counts: first-degree murder of

a federal officer in violation of 18 U.S.C. §§ 1111(a) and 1114 (Count One) and use of a firearm during and in relation to a crime of violence causing the Marshal's death in violation of 18 U.S.C. §§ 924(c)(1)(A) & (j) (Count Nine). (Doc. 192 at 1–5.)

The grand jury alleged additional special findings in conformity with the Federal Death Penalty Act ("FDPA"), *see* 18 U.S.C. §§ 3591–3598, charging that Schlesinger was at least 18 years old at the time of each offense under 18 U.S.C. § 3591(a) and possessed the guilty states of mind under 18 U.S.C. § 3591(a)(2)(A) through (D). (*Id*. at 6.) The grand jury also charged three statutory aggravating factors: substantial planning, killing of a law enforcement officer, and attempted multiple killings under § 3592(c)(9), (14)(D), and (16), respectively. *Id*.

The Government then filed a Notice of Intent ("Notice") stating that a sentence of death was justified in the event of a conviction on either Count One or Count Nine. (Doc. 194 at 1.) The Government alleged two nonstatutory aggravating factors: victim impact and future dangerousness. The latter factor further alleged that Schlesinger is "likely to commit" violent crimes that would create "a continuous and serious threat to the lives and safety of others. . . ." (*Id*. at 3.) To prove that Schlesinger posed such a danger, the Government alleged a history of antagonism and threatening behavior, a continuing pattern of violence, and a lack of remorse. (*Id*. at 3–4.)

**II. Discussion**

Schlesinger seeks an order directing the Government to provide an informative outline of the "substantial planning and premeditation" aggravating factor; the two non-statutory aggravating factors: victim impact and future dangerousness; and the three future dangerousness subfactors: history of antagonism and threatening behavior, continuing pattern of violence, and lack of remorse. (Doc. 238.)

Schlesinger argues that advance notice of penalty-phase evidence is constitutionally required to afford him a meaningful opportunity to present his defenses and contest the evidence against him and necessary to help the Court carry out its "gatekeeping" function under the FDPA, which is to exclude evidence whose probative value is outweighed by the

danger of creating unfair prejudice, confusing the issues, or misleading the jury. He also asserts that the Government's disclosure of sentencing information in discovery does not satisfy the need for the more specific information that would be provided in an informative outline.

The Government contends that the Notice complies with what the law requires, that Schlesinger has already received sufficient notice in the discovery that has been and will be provided, and that granting Schlesinger's request would be unfairly prejudicial and burdensome.

The FDPA provides, as relevant here:

> **(a) Notice by the government.**—If . . . the attorney for the government believes that the circumstances of the offense are such that a sentence of death is justified under this chapter, the attorney shall, a reasonable time before the trial or before acceptance by the court of a plea of guilty, sign and file with the court, and serve on the defendant, a notice—
>
> **(1)** stating that the government believes that the circumstances of the offense are such that, if the defendant is convicted, a sentence of death is justified . . . and that the government will seek the sentence of death; and
>
> **(2)** setting forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death.

18 U.S.C. § 3593(a). The FDPA is silent on the level of detail that must be disclosed by the government.

In addition to the statutory requirement set forth in § 3593(a), the government has a constitutional obligation to provide adequate notice of the charges against a defendant. *See Gray v. Netherland*, 518 U.S. 152, 167 (1996) ("A defendant's right to notice of the charges against which he must defend is well established.").

However, "a defendant's claim that he has a right to notice of the *evidence* that the state plans to use to prove the charges stands on quite a different footing," *id.* at 168, and Circuit Courts have found that no such right exists. *See, e.g.*, *United States v. LeCroy*, 441 F.3d 914, 930 (11th Cir. 2006) ("The government in this case satisfied its constitutional and statutory obligations by informing the defendant of what aggravating factors . . . it

- 3 -

intended to prove at trial" and "was not obligated to outline what specific pieces of evidence it planned to use to support the aggravating factors."); *United States v. Higgs*, 353 F.3d 281, 325 (4th Cir. 2003) ("The FDPA and the Constitution require that the defendant receive adequate notice of the aggravating factor, . . . not notice of the specific evidence that will be used to support it."); *United States v. Lee*, 274 F.3d 485, 495 (8th Cir. 2001) (explaining that defendant had a right to advance notice of the aggravating factors but "no right to advance notice of the specific evidence the government would use to prove those factors."); *United States v. Battle*, 173 F.3d 1343, 1347 (11th Cir. 1999) ("The Government is not required to provide specific evidence in its notice of intent.").

There is a split among the district courts, with some granting and others denying requests for informative outlines. *See, e.g.*, *United States v. Ciancia*, No. CR 13-902 PSG, 2015 WL 13798674, at *2 (C.D. Cal. Sept. 4, 2015) (discussing cases). A review of these cases reveals that whether or not an informative outline is required under the FDPA or the Constitution, it is within the court's discretion or "inherent powers to order the government to provide additional information on certain aggravating factors in order to ensure a meaningful opportunity to prepare a defense." *United States v. Lujan*, 530 F.Supp.2d 1224, 1269 (D.N.M. 2008). As the court in *Lujan* explained, an informative outline both allows the defendant to prepare his case and avoids trial delays by minimizing surprise. *Id.*

The Court has found guidance in *Lujan* and in other cases where an informative outline has been required, including *United States v. Smith*, 3:16-cr-00086-SLG-1 (D. Alaska), and *United States v. McCluskey*, Cr. No. 10-2734 JCH (D.N.M.). The reasoning in these cases is persuasive, particularly given the lack of detail the Government has so far provided in the Notice. Therefore, the Court will order the Government to submit an informative outline addressing the aggravating factors. *See Smith*, 3:16-cr-00086-SLG-1, Dkt. 295 at 2 (requiring informative outline "so as to enable the Defense and the Court to assess the relevancy, admissibility, and reliability of this evidence"). The outline need not contain "evidentiary detail," such as the names of witnesses, but instead should "address the general nature of the information it will introduce to prove the . . . aggravating factors."

*Lujan*, 530 F.Supp.2d at 1270; *see Smith*, 3:16-cr-00086-SLG-1, Dkt. 295 at 2 (explaining that informative outline does not require notice of specific evidence or of the Government's theories).

Accordingly, it is ordered that Schlesinger's motion for an informative outline (Doc. 238) is GRANTED as follows:

By October 3, 2022, the Government shall produce an informative outline prelated to aggravating factors. By October 17, 2022, Schlesinger shall file any motions related to the outline.

The informative outline shall consist of the following:

**a.  Substantial planning and premeditation**

The Indictment and the Notice allege that Schlesinger "committed the offense after substantial planning and premeditation." (Docs. 192 at 6, 194 at 2.)  Neither contains "any information as to how [Schlesinger's] planning and premeditation of the offense were substantial." *Ciancia*, 2015 WL 13798674, at *4. Therefore, the Government must provide an informative outline of the factual basis, e.g., the specific acts, on which it intends to show that the planning and premeditation were substantial. *See Lujan*, 530 F.Supp.2d at 1270; *United States v. Diaz*, No. CR 05-00167 WHA, 2007 WL 196752, at *4 (N.D. Cal. Jan. 23, 2007).

**b.  Victim-impact evidence**

The Notice alleges that "Schlesinger caused injury, harm, and loss to . . . C.W., as well as to his family, friends, and co-workers, as evidenced by his personal characteristics as an individual human being and the impact of his death upon him and his family, friends, and co-workers." (Doc. 194 at 3.)

"This factor is particularly nebulous and the Notice of Intent give[s] . . . little information as to the nature of the evidence the Government intends to offer to prove it." *McCluskey*, 1:10-cr-2734-JCH, Dkt. 245 at 16. Accordingly, the Government is ordered to provide the following information: (1) a list of the personal characteristics of the victims that the Government intends to prove; (2) the identities of individuals who may have been

impacted by C.W.'s death; and (3) particularized categories of injury, harm, and loss. *See Smith*, 3:16-cr-00086-SLG-1, Dkt. 295 at 3; *see also Lujan*, 530 F.Supp.2d 1272 (ordering government to provide "outline of its anticipated victim impact evidence" to allow defendant time to investigate and prepare a defense and to minimize trial delays). Examples of particularized harm may include "whether members of the family sought counseling or other medical treatment, such as hospitalization, and whether and to what extent members of the family suffered financial harm." *United States v. Glover*, 43 F.Supp.2d 1217, 1224–25 (D. Kansas 1999).

### c. Future dangerousness

The Notice alleges that "Schlesinger poses a continuing danger to others in that he is likely to commit criminal acts of violence in the future that would constitute a continuous and serious threat to the lives and safety of others, as evidenced by at least one or more of the following." (Doc. 194 at 3.) The Notice then lists three sub-factors. (*Id.* at 3–4.)

"By using the term 'at least,' the factor creates ambiguity as to whether the Government will present evidence of additional sub-factors." *Lujan*, 530 F.Supp.2d at 1271; *see McCluskey*, 1:10-cr-2734-JCH, Dkt. 245 at 19. Accordingly, the Government must submit "an informative outline of the general nature of the evidence it plans to use to prove future dangerousness," *id.*, including "each act and characteristic" the Government intends to introduce. *Smith*, 3:16-cr-00086-SLG-1, Dkt. 295 at 3.

### i. History of antagonism and threatening behavior

The Notice alleges that "Schlesinger has engaged in a continuous pattern of antagonist and threatening behavior towards law enforcement and persons in positions of authority including repeated threats of violence and stalking." (Doc. 194 at 3.)

The Government must provide a comprehensive list of the incidents it intends to use to prove this factor.

### ii. Continuing pattern of violence

The Notice alleges that Schlesinger has "engaged in a continuing pattern of violence, threatened violence and attempted violence, including but not limited to the

crimes alleged in the Superseding Indictment." (Doc. 194 at 3.)

The phrase "including, but not limited to" "creates ambiguity as to whether the Government will present evidence of additional acts of violence outside the crimes charged in the indictment." *See Lujan*, 530 F. Supp. 2d at 1271. Accordingly, the Government must give "notice of other crimes about which the Government intends to introduce evidence" and "specify if it intends to rely on other acts of violence, attempted violence, and/or threatened violence other than the crimes alleged in the indictment." *Id.*; *see McCluskey*, 1:10-cr-2734-JCH, Dkt. 245 at 20. The Government must provide a "comprehensive list of each unadjudicated act of violence the Government intends to introduce. The list need not include notice of specific witnesses or exhibits." *Smith*, 3:16-cr-00086-SLG-1, Dkt. 295 at 3.

### iii. Lack of remorse

The Notice alleges that "Schlesinger has demonstrated a lack of remorse . . . as evidenced by his statements and actions during the course of and following the commission of the offense." (Doc. 194 at 4.)

The Government must produce any statements made by Schlesinger that it intends to use as well as an outline of the "general nature" of any other evidence it plans to use to prove lack of remorse. *Lujan*, 530 F.Supp.2d 1272; *see McCluskey*, 1:10-cr-2734-JCH, Dkt. 245 at 21.

To the extent any of the above information has already been provided in discovery, the informative outline may simply cite to the specific Bates page in the discovery.

The order does not preclude the Government from seeking to admit evidence regarding acts or items not disclosed in the informative outline, but to admit such evidence the Government must make a showing as to why the act or item was not included in the outline, and the evidence must be promptly disclosed to the defense.

IT IS SO ORDERED.
Dated this 29th day of November, 2021.

Honorable Raner C. Collins
Senior United States District Judge