WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Ryan Phillip Schlesinger,<br><br>　　　　　　Defendant. | No. CR-18-02719-TUC-RCC (BGM)<br><br>**PROTECTIVE ORDER REGARDING FEDERAL BUREAU OF PRISONS MATERIALS** |

Before the Court are the parties' proposed protective orders addressing the data Schlesinger seeks from the Federal Bureau of Prisons ("BOP"). (Docs. 383-3, Ex. C, and 396-2, Ex. 2.) Having granted Schlesinger's Motion to Compel and having reviewed both proposed protective orders, the Court finds good cause under Federal Rule of Criminal Procedure 16(d)(1) to restrict access to the BOP materials as follows[1]:

1.　This Protective Order shall apply to all BOP records and materials provided by the BOP and the Government, as well as to all other discovery documents identifying BOP employees and prisoners and their statements. This Protective Order shall also apply to all third-party criminal record information.

2.　The BOP information covered by this Protective Order shall not, without the written consent of a BOP official, the United States Attorney's Office, or further order of the Court, be disclosed to anyone except to:

　　　　a.　attorneys actively working on the case; and

---

[1] The Court may "[a]t any time . . . , for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).

     b. persons such as staff or experts who are regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in preparation for trial, at trial, or other proceedings in this case.

   The criminal record information covered by this Protective Order shall not be disclosed without further order of the Court and under the same terms outlined above.

   3. Before the disclosure of this information to any individual listed above, defense counsel shall provide such person with a copy of the Protective Order and shall obtain a written acknowledgement stating that he or she agrees to be bound by the provisions of this Protective Order, agrees not to copy this material or further disseminate it or its content, and agrees to return the material to defense counsel at the conclusion of the proceedings in this case. All such acknowledgements shall be retained by defense counsel for review by the Court if good cause is shown by the party requesting such review.

   4. The information covered by this Protective Order shall not be used for any purpose other than in the defense of the instant matter.

   5. The defendant shall not be provided with any materials covered by this Protective Order to retain in his possession. Nor shall he be permitted to disseminate the materials or their content before or after the conclusion of this case. Nor shall he be permitted to maintain a copy or possess documents covered by this Protective Order after the conclusion of this case.

   6. The defendant shall not review or be permitted access to gang and Security Threat Group information. Security Threat Group information is used by the BOP to track inmates who are in gangs, have a history of certain crimes (i.e., rape, sex offenses, threats to judiciary, etc.), or who otherwise require heightened surveillance within the BOP.

   7. The defendant shall not review or be permitted access to any materials that contain personal identifying information about inmates, including, but not limited to, inmate names or other unique assignation (including, but not limited to, inmate numbers), dates of birth, hearing officer reports, criminal history, housing history, and disciplinary history. The defendant may be permitted to review materials that present criminal history,

housing history, disciplinary history, and similar materials in the aggregate such that it cannot be connected to a specific inmate.

8. The defendant shall be permitted adequate access to view all other material covered by this Protective Order, but not to copy or record the information, in the presence of one of his attorneys or an agent of his attorneys who is subject to the Order and has signed an acknowledgement.

9. Before the defendant is permitted adequate access to view the material described in the immediately preceding paragraph, defense counsel shall provide the defendant with a copy of the Protective Order and shall obtain a written acknowledgement stating that the defendant agrees to be bound by the provisions of this Protective Order.

10. After the conclusion of the proceedings in this case, unless other arrangements are agreed upon, the information and materials covered by this Protective Order shall not be disclosed or disseminated by the defense except as provided in this Order and as necessary for appeals or post-conviction proceedings in this case. Any such disclosure or dissemination must continue to comply with this Order. This Protective Order does not expire.

11. After the conclusion of this case, the defendant, himself, will not be permitted to physically retain or possess any documents provided by the BOP.

12. If the Notice of Intent to Seek the Death Penalty is withdrawn or dismissed, then defense counsel must promptly return the BOP materials to the United States Attorney's Office, District of Arizona. Defense counsel, and anyone else who signed an acknowledgement of the Order, must destroy any additional copies or materials. Defense counsel shall file an avowal with the Court certifying that additional copies and materials have been destroyed in compliance with this Order.

///

///

///

///

13. This Protective Order may be modified by the Court at any time for good cause shown, following notice to all parties and an opportunity to be heard.

IT IS SO ORDERED.

Dated this 2nd day of February, 2022.

_____
Honorable Raner C. Collins
Senior United States District Judge