RENE L. VALLADARES
Federal Public Defender
BRAD D. LEVENSON
Assistant Federal Public Defender
California State Bar No. 166073
Brad_Levenson@fd.org
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
CHRISTOPHER P. FREY
Assistant Federal Public Defender
Nevada State Bar No. 10589
200 South Virginia Street, Ste. 340
Reno, Nevada 89501
(775) 321-8451/Phone
(775) 784-5369/Fax
Chris_Frey@fd.org

THERESA M. DUNCAN
Duncan Earnest LLC
New Mexico State Bar No. 12444
teri@duncanearnest.com
P.O. Box 2769
Santa Fe, NM 87504
(505) 842-5196/Phone
(505) 750-9780/Fax

Attorneys for Ryan Phillip Schlesinger

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Ryan Phillip Schlesinger,<br><br>    Defendant. | CR 18-02719-TUC-RCC (BGM)<br><br>**RESPONSE TO GOVERNMENT'S MOTION FOR SCHEDULING ORDER** |

Defendant Ryan P. Schlesinger, through undersigned counsel, respectfully responds to the government's motion for scheduling order (ECF No. 480) and attaches an alternative scheduling order that will allow Mr. Schlesinger time to prepare his defense while at the same time ensuring timely resolution of issues related to the October 2023 trial. Pursuant to the September 27, 2022, status hearing (ECF No. 474), defense counsel conferred with the government in drafting a proposed pretrial scheduling order. While the defense and the government met in good faith, the parties were unable to agree on a joint proposed scheduling order. Mr. Schlesinger respectfully asks the Court to adopt his proposed scheduling order in lieu of the government's for the reasons given below.

There are two primary differences between the parties' proposed scheduling orders. First, the government asks the Court to compel the defense to disclose its experts months before the defense anticipates it will be ready to do so. For example, the defense proposes a March 6, 2023, deadline for filing any notice pursuant to Fed. R. Crim. P. 12.2. This deadline is only four months away and is seven months before trial. The government, on the other hand, proposes a deadline of January 16, 2023, which is two months away. The defense cannot be ready to file its notice in such a short time. The deadlines the defense proposes would allow the government ample time to request and complete a rebuttal examination and for the parties to litigate issues related to 12.2 experts in advance of trial, while protecting Mr. Schlesinger's constitutional right to prepare and present a defense. In fact, the parties' proposed deadlines for the filing of the final 12.2-related pleading—replies to any Daubert challenges to 12.2 experts—are identical: August 14, 2023. Thus, adopting the defense's proposed deadlines will not, as

the government suggests, run the risk of requiring a trial continuance. [ECF No. 480 at 1-2.]

The government proposes the same short deadline—January 16, 2023—for disclosure of non-mental health experts. Mr. Schlesinger proposes April 28, 2023, as the appropriate deadline. An April deadline gives the parties—in particular, the defense—time to identify necessary experts and for those experts to draft reports in compliance with the recent changes to Rule 16, while also allowing resolution of any expert challenges several months in advance of trial.

The second difference is in the deadlines for the parties to file their witness and exhibit lists. The government proposes that the parties file their lists on the same dates, although it proposes filing the witness lists a month before the exhibit lists (Sept. 8 for the witness list, Oct. 10 for the exhibit list). Mr. Schlesinger proposes that the defense file its lists three weeks after the government files its witness and exhibit lists since the defense case is largely responsive to the government's evidence. The defense also proposes that each parties' exhibit and witness lists be filed at the same time (Aug. 18 for the government and Sept. 8 for the defense), so that the parties have time to file objections to those lists and the Court has time to respond to those objections in advance of trial. The government's suggestion that the parties file their exhibit lists on October 10, 2023—less than a week before trial—does not allow sufficient time to resolve important issues prior to trial, which is likely to cause delays during the trial itself.

. . .

. . .

. . .

## CONCLUSION

For the foregoing reasons, Defendant Ryan P. Schlesinger respectfully asks the Court to enter the attached scheduling order in lieu of the one the government proposed in ECF No. 480.

DATED: November 9, 2022.

                                            Respectfully Submitted,

                                            RENE L. VALLADARES
                                            Federal Public Defender

                                            */s/ Brad D. Levenson*
                                            BRAD D. LEVENSON
                                            Assistant Federal Public Defender

                                            */s/ Christopher P. Frey*
                                            CHRISTOPHER P. FREY
                                            Assistant Federal Public Defender

                                            */s/ Theresa M. Duncan*
                                            THERESA M. DUNCAN
                                            Duncan Earnest LLC

Copy of the foregoing served electronically to:
Sarah Bullard Houston and Jane Westby on this 9th day of November 2022.