RENE L. VALLADARES
Federal Public Defender
BRAD D. LEVENSON
Assistant Federal Public Defender
California State Bar No. 166073
Brad_Levenson@fd.org
CHRISTOPHER P. FREY
Assistant Federal Public Defender
Nevada State Bar No. 10589
Chris_Frey@fd.org
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax

THERESA M. DUNCAN
Duncan Earnest LLC
New Mexico State Bar No. 12444
teri@duncanearnest.com
P.O. Box 2769
Santa Fe, NM 87504
(505) 842-5196/Phone
(505) 750-9780/Fax

Attorneys for Ryan Phillip Schlesinger

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>         v.<br><br>Ryan Phillip Schlesinger,<br><br>                Defendant. | CR 18-02719-TUC-RCC (BGM)<br><br>**DEFENDANT'S MOTION TO EXCLUDE VICTIM IMPACT TESTIMONY AT TRIAL**[1] |

_____

[1] Certification: this motion is timely filed. *See* ECF No. 512.

Defendant Ryan Phillip Schlesinger respectfully moves this Court to exclude any testimony regarding Deputy Chase White's life, witnesses' relationship with him, and the impact his death had on his family, friends, co-workers and community.[2] Such evidence is irrelevant to any fact at issue in this case and unfairly prejudicial, *see* Fed. R. Evid. 402 and Fed. R. Evid. 403, and the admission of the testimony would deny Mr. Schlesinger his due process right to a fair trial, *see* U.S. Const. Amends. V, VI.

On its recently filed witness list, the government lists a number of Deputy U.S. Marshals and task force members who were Deputy White's co-workers. Based on the discovery disclosed to date, these witnesses likely have information relevant to the charges in this case, particularly the events surrounding the shooting of Deputy White. Testimony regarding their relationships with Deputy White, their knowledge of who he was, and the impact of his death on them, his family, or the community at large is irrelevant. Thus, it is inadmissible under Fed. R. Evid. 402. *See id.* ("Irrelevant evidence is not admissible.").

Such testimony is also incredibly prejudicial to Mr. Schlesinger, as it invites the jury to decide this case on an emotional basis. Thus, it must be excluded under Fed. R. Evid. 403. *See id.* ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice[.]"). Because of these witnesses' relationship with Deputy White and their involvement in the events leading to his death, their testimony will undoubtedly be emotional and heartbreaking even if limited to relevant facts. It would violate Mr. Schlesinger's right to a fair trial to allow

---

[2] Undersigned counsel has met and conferred with the government pursuant to LRCiv 7.2(l) (made applicable by LRCrim 12.1(a)). The government advised it objects to this motion.

them to also testify about their relationships with Deputy White, their knowledge of him, and the impact his death had on those who knew and cared about him. Even if such evidence had remote probative value, that value is substantially outweighed by a danger of unfair prejudice.

"Unfair prejudice is an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Anderson*, 741 F.3d 938, 950 (9th Cir. 2013); *see also Old Chief v. United States*, 519 U.S. 172, 180 (1997) (Unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."). While identification testimony is generally admissible in a murder trial, testimony about Deputy White's life, his relationships with the government's witnesses, and the impact of his death is inherently emotional and is likely to inflame the jury and invoke undue sympathy for Deputy White and the witnesses. Thus, the government should be prohibited from eliciting such information from its witnesses.

CONCLUSION

For the foregoing reasons, Defendant Ryan Schlesinger respectfully asks the Court to exclude any testimony regarding Deputy Chase White's life, his relationship with government witnesses, and the impact his death had on his family, friends, co-workers and community.

Dated: August 25, 2023.

Respectfully Submitted,

RENE L. VALLADARES
Federal Public Defender

*/s/ Brad D. Levenson*
BRAD D. LEVENSON
Assistant Federal Public Defender

3

*/s/ Christopher P. Frey*
CHRISTOPHER P. FREY
Assistant Federal Public Defender


*/s/ Theresa M. Duncan*
THERESA M. DUNCAN
Duncan Earnest LLC

Copy of the foregoing served electronically to:
Jane Westby and Sarah Bullard Houston and
by other means this 25th day of August, 2023.