GARY M. RESTAINO
U.S. Attorney
District of Arizona
SARAH B. HOUSTON
Arizona State Bar No. 026691
JANE L. WESTBY
Arizona State Bar No. 017550
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: sarah.houston@usdoj.gov
         jane.westby@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 18-02719-TUC-RCC (BGM) |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S MOTION TO PRECLUDE DEFENSE EXPERT PARKER FOR DISCLOSURE VIOLATIONS |
| Ryan Phillip Schlesinger, | |
| Defendant | |

The United States of America, through undersigned counsel moves to preclude the testimony of defense expert Thomas Parker because of repeated disclosure violations.

**FACTS**

On September 27, 2021, the defendant filed an expert notice that included Thomas Parker. (Doc. 356.) In August of 2022, the government withdrew its Amended Notice to Seek Sentence of Death. (Docs. 449, 450.) Subsequently, the Court adopted the defendant's proposed scheduling order which included a new expert notice deadline of April 21, 2023. (Doc. 483.)

Following the Court's finding that the defendant failed to provide the required disclosure concerning Rule 12.2 evidence, the Court ordered the defendant to make disclosure as contemplated by Rule 16 and required the parties to meet and confer about new deadlines. (Doc. 506.) The parties agreed on a new scheduling order, which the Court

1  adopted. (Doc. 512.) The order set May 5, 2023, as the "Notice of Experts Deadline (non-
2  12.2) and related Rule 16 disclosure." (Doc. 512.)

3        On May 5, 2023, the defendant filed an expert notice for Thomas Parker. (Doc. 522.)
4  The defendant also provided Mr. Parker's CV and "Examples of Prior Expert Witness
5  Engagements." (Docs. 522-1, 522-2.) The defendant did not provide a report or any
6  additional information outlining or describing Mr. Parker's opinions or the bases for them.

7        On May 9, 2023, the government submitted a written request to defense counsel, again
8  requesting expert disclosure pursuant to the Court's scheduling order and Rule 16 and
9  outlining the deficiencies in the notices provided on May 5. On May 11, 2023, the defense
10 declined to provide anything else concerning Mr. Parker. Defense counsel also indicated that
11 they were unwilling to discuss the matter further, stating, "if you feel that our notices and
12 disclosures . . . are deficient in some respect, then please feel free to file a motion with the
13 court and we will address your concerns in our response."

14       The United States filed a motion to compel the defendant to produce disclosure. (Doc.
15 553.) The Court granted the motion. (Doc. 591.) Citing the defendant's disclosure obligations
16 pursuant to Rule 16, the Court found "the Defense has not adequately complied with its
17 obligation with regard to Mr. R.T. Wyant, Dr. Lary Simms, and Mr. Thomas Parker." (Doc.
18 591.) The Court ordered that "Defendant shall disclose a more definite statement of all
19 opinions that the Defendant will elicit from Dr. Simms, Mr. Wyant, and Mr. Parker in the
20 Defendant's case-in-chief and the bases and reasons for them at least two weeks prior to the
21 Daubert hearing." The *Daubert* hearing is scheduled for September 11 and 12. Pursuant to
22 the Court's order, the defendant's disclosure deadline was August 28, 2023.

23       As of filing on the afternoon of September 1, 2023, the defendant has not provided
24 any additional disclosure concerning Mr. Parker. There are only four business days between
25 the time of filing of this motion and the *Daubert* hearing.
26 //
27
28

## LAW AND ARGUMENT

**I. The Court should preclude Mr. Parker's testimony because the defendant has twice failed to comply with the Court's orders and Rule 16 concerning disclosure pertaining to Mr. Parker.**

When a party fails to comply with the Rule 16 disclosure requirements, a court may "prohibit that party from introducing the undisclosed evidence." Fed. R. Crim. P. 16(d)(2)(C). When determining whether exclusion of an expert is appropriate, "a trial judge may certainly insist on an explanation for a party's failure to comply with a request to identify his or her witnesses in advance of trial. If that explanation reveals that the omission was willful and motivated by a desire to obtain a tactical advantage that would minimize the effectiveness of cross-examination and the ability to adduce rebuttal evidence," preclusion of the expert's testimony is appropriate. *Taylor v. Illinois*, 484 U.S. 400, 415 (1988); *see also United States v. Nash*, 115 F.3d 1431, 1439–40 (9th Cir. 1997) ("The district court did not abuse its discretion in concluding that the failure to disclose was willful and was justified in excluding the witness' testimony on that ground."); Fed. R. Crim. P. 2 ("These rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay.") Further, the Ninth Circuit has recognized that preclusion is less likely to be a harsh remedy when the proposed testimony is of "limited relevance." *Nash*, 115 F.3d at 1440.

This is not the first time the defendant has failed to comply with Rule 16. (Docs. 506 and 591.) Nor is it the first time the defendant has failed to comply with Rule 16 concerning this expert witness. (Doc. 591.)  The government was required to file a Motion to Compel Rule 16 disclosure (Doc. 498) for the Rule 12.2 discovery the United States was entitled to. Just two months later, the defense again failed to provide sufficient Rule 16 disclosure concerning three of its four expert witnesses. (Doc 591.) After finding that the defendant again violated Rule 16 and setting a new deadline, the defendant has once again disregarded the rules and this Court's order. The proper remedy is preclusion. *See United States v. Neuman*, 621 F. App'x 363, 365 (9th Cir. 2015) (ruling that the district court did not abuse

its discretion in precluding defense expert noticed after the Rule 16 deadline).

Therefore, based on the defendant's repeated failure to make required disclosures about Mr. Parker, and the defendant's requested October trial date, the remedy is preclusion and not a continuance. The United States disclosed the information reviewed by Mr. Parker in 2019. The defendant knew that he planned to use Mr. Parker as an expert witness when he filed his initial notice of expert in September of 2021. The defendant's refusal to comply with the Court's order and Rule 16 is inexcusable and appears to be a strategy to gain an unfair advantage. As such, the Court should preclude Mr. Parker's testimony in its entirety.

## CONCLUSION

For the forgoing reasons, Thomas R. Parker's testimony should be precluded.

Respectfully submitted this 1st day of September, 2023

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Sarah B. Houston*
*s/ Jane L. Westby*

SARAH B. HOUSTON
JANE L. WESTBY
Assistant U.S. Attorneys

Copy of the foregoing served
Electronically this 1st day of September 2023 to:
Brad D. Levenson, Esq.
Christopher P. Frey, Esq.
Theresa Michelle Duncan, Esq.
Martin L. Novillo, Esq.
Katherine S. Berry, Esq.
Attorneys for Defendant