GARY M. RESTAINO
U.S. Attorney
District of Arizona
SARAH B. HOUSTON
Arizona State Bar No. 026691
JANE L. WESTBY
Arizona State Bar No. 017550
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: sarah.houston@usdoj.gov
         jane.westby@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 18-02719-TUC-RCC (BGM) |
|---|---|
| Plaintiff, | UNITED STATES' REQUESTED JURY INSTRUCTIONS |
| v. | |
| Ryan Phillip Schlesinger, | |
| Defendant | |

The United States of America, through undersigned counsel, requests that the Court use the following jury instructions and verdict forms.[1] This proposal is based on the Ninth Circuit's Manual of Model Criminal Jury Instructions and includes the recent 2022 updates to the content and numbering of certain instructions. See United States Courts for the Ninth Circuit, https://www.ce9.uscourts.gov/jury-instructions/model-criminal.

The proposed jury instructions are divided into four categories: (1) preliminary instructions, (2) mid-trial instructions, (3) final jury instructions, and (4) instructions that may be necessary depending on pending evidentiary rulings and evidence presentation

---

[1] To protect the privacy of victims, the filed version has the names of victims redacted. The Word version provided to defense counsel and the Court is unredacted.

1

during the course of trial. Separate pleadings will address proposed verdict forms and jury instructions concerning forfeiture. The United States reserves the right to amend its requested instructions as necessary.

Respectfully submitted this 12th day of September, 2023

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jane L. Westby*
*s/Sarah B. Houston*

_____

SARAH B. HOUSTON
JANE L. WESTBY
Assistant U.S. Attorneys

Copy of the foregoing served
electronically this 12th day of September, 2023 to:
All ECF Participants

## PRELIMINARY INSTRUCTIONS

### 1.1 Duty of Jury

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

**1.2 The Charge—Presumption of Innocence**

This is a criminal case brought by the United States government.  The government charges the defendant with one count of first degree murder of a federal officer, three counts of attempted murder of a federal officer, four counts of assault on a federal officer with a deadly or dangerous weapon, and five counts of using a firearm during and in relation to a crime of violence.  The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

To help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case:

For murder in the first degree, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant unlawfully killed Deputy U.S. Marshal C████ W███;

Second, the defendant killed Deputy U.S. Marshal C███ W██ with malice aforethought;

Third, the killing was premeditated; and

Fourth, the defendant did so while Deputy U.S. Marshal C███ W██ was engaged in, or on account of his official duties.

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

Premeditation means with planning or deliberation.  The amount of time needed for premeditation of a killing depends on the person and the circumstances.  It must be

long enough, after forming the intent to kill, for a killer to have been fully conscious of the intent and to have considered the killing.

For attempted murder, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant did something that was a substantial step toward killing the victim and that strongly corroborated the defendant's intent to commit that crime;

Second, when the defendant took that substantial step, the defendant intended to kill the victim; and

Third, the defendant did so while the victim was engaged in, or on account of his official duties.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

For assault on a federal officer with a deadly or dangerous weapon, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted a federal officer;

Second, the defendant did so while the federal officer was engaged in, or on account of his official duties; and

Third, the defendant used a deadly or dangerous weapon.

There is a forcible assault when one person willfully attempts to inflict injury on another or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

A firearm is a deadly or dangerous weapon if it is used in a way that is capable of causing death or serious bodily injury.

For using a firearm during and in relation to a crime of violence, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed a crime of violence; and

Second, the defendant knowingly used a Weaponsmart, model WMX15, rifle during and in relation to that crime by discharging it.

A defendant "used" a firearm if he actively employed the firearm during and in relation to the crime of violence. A defendant does not have to intend to discharge the firearm.

A defendant used a firearm "during and in relation to" the crime if the firearm facilitated or played a role in the crime.

**1.3 What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness.

Second, the exhibits that are received in evidence.

[Third, any facts to which the parties agree.] (if applicable)

**1.4 What Is Not Evidence**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**1.5 Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**1.6 Ruling on Objections**

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**1.7 Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

11

**1.8 Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to

12

any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

 A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**1.9 No Transcript Available to Jury**

      At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

1  **1.10 Taking Notes**

2      If you wish, you may take notes to help you remember the evidence.  If you do take

3  notes, please keep them to yourself until you and your fellow jurors go to the jury room to

4  decide the case.  Do not let note-taking distract you from being attentive.  When you leave

5  court for recesses, your notes should be left in the courtroom.  No one will read your notes.

6      Whether or not you take notes, you should rely on your own memory of the

7  evidence.  Notes are only to assist your memory.  You should not be overly influenced by

8  your notes or those of your fellow jurors.

**1.11 Outline of Trial**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**1.14 Questions to Witnesses by Jurors During Trial**

When attorneys have finished their examination of a witness, you may ask questions of the witness.  Please write your question on a piece of paper and give it to the clerk when I ask if you have any questions. Do not write your name or juror number on the question. The attorneys and I will then review the questions.  If the rules of evidence do not permit a particular question, I will advise you. After your questions, if any, the attorneys may ask additional questions.

**1.16 Bench Conferences and Recesses**

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

**MIDTRIAL INSTRUCTIONS**

**2.1 Cautionary Instruction—First Recess**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**2.10 Other Crimes, Wrongs or Acts of Defendant**

You have heard testimony and have seen evidence that the defendant purchased firearms, sent multiple emails, went to a TPD officer's parents' home, and went to a TPD substation to arrest a TPD Sergeant. This evidence of other acts was admitted only for limited purposes. You may consider this evidence only for the purpose of deciding whether the defendant:

had the state of mind, knowledge, or intent necessary to commit the crimes charged in the indictment;

*or*

had a motive or the opportunity to commit the acts charged in the indictment;

*or*

was preparing or planning to commit the acts charged in the indictment;

*or*

did not commit the acts for which the defendant is on trial by accident or mistake.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for one count of first degree murder of a federal officer, three counts of attempted murder of a federal officer, four counts of assault on a federal officer with a deadly or dangerous weapon, and five counts

of using a firearm during and in relation to a crime of violence, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

1    **FINAL INSTRUCTIONS**

2    **6.1 Duties of Jury to Find Facts and Follow Law**

3        Members of the jury, now that you have heard all the evidence, it is my duty to

4    instruct you on the law that applies to this case.  A copy of these instructions will be

5    available in the jury room for you to consult.

6        It is your duty to weigh and to evaluate all the evidence received in the case and, in

7    that process, to decide the facts.  It is also your duty to apply the law as I give it to you to

8    the facts as you find them, whether you agree with the law or not.  You must decide the

9    case solely on the evidence and the law.  You will recall that you took an oath promising

10   to do so at the beginning of the case.  You should also not be influenced by any person's

11   race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender,

12   or economic circumstances.  Also, do not allow yourself to be influenced by personal likes

13   or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious

14   biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may

15   consciously reject but may be expressed without conscious awareness, control, or

16   intention.

17       You must follow all these instructions and not single out some and ignore others;

18   they are all important.  Please do not read into these instructions or into anything I may

19   have said or done as any suggestion as to what verdict you should return—that is a matter

20   entirely up to you.

21

22

23

24

25

26

27

28

**6.2 Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof**

The indictment is not evidence. The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

**6.5 Reasonable Doubt—Defined**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

1

**6.6 What Is Evidence**

2      The evidence you are to consider in deciding what the facts are consists of:

3      First, the sworn testimony of any witness.

4      Second, the exhibits received in evidence.

5      [Third, any facts to which the parties have agreed.] (if applicable)[2]

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

27

[2] The United States has asked defense counsel about potential stipulations, but had not received a response at the time of filing.

28

**6.7 What Is Not Evidence**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and [have said] at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

26

**6.8 Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

1   **6.9 Credibility of Witnesses**

2      In deciding the facts in this case, you may have to decide which testimony to

3   believe and which testimony not to believe.  You may believe everything a witness says,

4   or part of it, or none of it.

5      In considering the testimony of any witness, you may take into account the

6   following:

7          First, the opportunity and ability of the witness to see or hear or know the things

8               testified to;

9          Second, the witness's memory;

10         Third, the witness's manner while testifying;

11         Fourth, the witness's interest in the outcome of the case, if any;

12         Fifth, the witness's bias or prejudice, if any;

13         Sixth, whether other evidence contradicted the witness's testimony;

14         Seventh, the reasonableness of the witness's testimony in light of all the evidence;

15              and

16         Eighth, any other factors that bear on believability.

17      Sometimes a witness may say something that is not consistent with something else

18   he or she said.  Sometimes different witnesses will give different versions of what

19   happened.  People often forget things or make mistakes in what they remember.  Also, two

20   people may see the same event but remember it differently.  You may consider these

21   differences, but do not decide that testimony is untrue just because it differs from other

22   testimony.

23      However, if you decide that a witness has deliberately testified untruthfully

24   about something important, you may choose not to believe anything that witness said.  On

25   the other hand, if you think the witness testified untruthfully about some things but told the

26   truth about others, you may accept the part you think is true and ignore the rest.

27

28

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**6.3 Defendant's Decision Not to Testify (if applicable)**

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

**6.4 Defendant's Decision to Testify (if applicable)**

   The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

**3.3 Other Crimes, Wrongs or Acts of Defendant**

You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, absence of accident and for no other purpose.

**3.14 Opinion Evidence, Expert Witness**

You have heard testimony from Derrick S. McClarin, Erich D. Smith, Jessica M. Van Dyke, Kelli E. Edmiston, Dr. Lary Simms, [ADD DEFENSE EXPERTS AS NEEDED[3]], who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

---

[3] At the time of filing, motions to preclude defense experts were pending, and *Daubert* hearings were in progress.

**3.15 Dual Role Testimony**

You have heard testimony from Dr. Kevin Lougee and Dr. Randall Friese who testified about facts and their opinions and the reasons for those opinions. Fact testimony is based on what the witness personally saw, heard, or did. Opinion testimony is based on the specialized knowledge, skill, experience, training, or education of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

As to the testimony about the witness's opinions, this testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

You also should consider whether the witness testified to personal observations or involvement as a fact witness or testifying to an opinion based on specialized knowledge, skill, experience, training, or education. When a witness provides opinion testimony based on knowledge, skill, experience, training, or education, that person might rely on facts that are not based on his or her personal observations or involvement, but that opinion cannot serve as proof of the underlying facts.

Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue deference for any of aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.

**3.16 Charts and Summaries Not Admitted into Evidence**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

35

**6.10 Activities Not Charged**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

**6.11 Separate Consideration of Multiple Counts—Single Defendant**

        A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

**16.1 Murder—First Degree (18 U.S.C. § 1111), modified by 16.6 Killing or Attempting to Kill Federal Officer or Employee (18 U.S.C. § 1114) Count One**

The defendant is charged in Count One of the indictment with murder in the first degree in violation of Section 1111 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant unlawfully killed Deputy U.S. Marshal C███ W██;

Second, the defendant killed Deputy U.S. Marshal C███ W██ with malice aforethought;

Third, the killing was premeditated; and

Fourth, the defendant did so while Deputy U.S. Marshal C███ W██ was engaged in, or on account of his official duties.

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

Premeditation means with planning or deliberation.  The amount of time needed for premeditation of a killing depends on the person and the circumstances.  It must be long enough, after forming the intent to kill, for a killer to have been fully conscious of the intent and to have considered the killing.

1

**Lawfulness of Law Enforcement Actions**

2

Both Arizona and federal law authorize law enforcement officers to break or open

3

windows and doors of any building in which a person to be arrested is or is reasonable

4

believed to be located. Before breaking or opening any window or door, law enforcement

5

must announce their authority and purpose.

6

7

8

9

10

11

12

13

**Authority:** A.R.S. § 13-3891; 18 U.S.C. § 3109; *Miller v. United States*, 357 U.S. 301,

14

306 (1958); *United States v. Crawford*, 657 F.2d 1041, 1044 (9th Cir. 1981); *United States*

15

*v. Phillips*, 497 F.2d 1131, 1133 (9th Cir. 1974); *Vanella v. United States*, 371 F.2d 50, 58

16

(9th Cir. 1966), *cert. denied*, 386 U.S. 920 (1967).

17

18

19

20

21

22

23

24

25

26

27

28

**16.5 Attempted Murder (18 U.S.C. § 1113) Count Two**

The defendant is charged in Count Two of the indictment with attempted murder in violation of Section 1113 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant did something that was a substantial step toward killing Deputy U.S. Marshal N█████ B███ and that strongly corroborated the defendant's intent to commit that crime;

Second, when the defendant took that substantial step, the defendant intended to kill Deputy U.S. Marshal N█████ B███; and

Third, the defendant did so while Deputy U.S. Marshal N█████ B███ was engaged in, or on account of his official duties.

40

**16.5 Attempted Murder (18 U.S.C. § 1113) Count Three**

The defendant is charged in Count Three of the indictment with attempted murder in violation of Section 1113 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant did something that was a substantial step toward killing Deputy U.S. Marshal B███████ P█████ and that strongly corroborated the defendant's intent to commit that crime;

Second, when the defendant took that substantial step, the defendant intended to kill Deputy U.S. Marshal B██████ P██████; and

Third, the defendant did so while Deputy U.S. Marshal B███████ P██████ was engaged in, or on account of his official duties.

**16.5 Attempted Murder (18 U.S.C. § 1113) Count Four**

The defendant is charged in Count Four of the indictment with attempted murder in violation of Section 1113 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant did something that was a substantial step toward killing Special Deputy U.S. Marshal H█████ G█████ and that strongly corroborated the defendant's intent to commit that crime;

Second, when the defendant took that substantial step, the defendant intended to kill Special Deputy U.S. Marshal H████ G█████; and

Third, the defendant did so while Special Deputy U.S. Marshal H█████ G█████ was engaged in, or on account of his official duties.

As to Counts Two, Three, and Four charging attempted murder:

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

**8.2 Assault on Federal Officer or Employee With a Deadly or Dangerous Weapon (18 U.S.C. § 111(b)) Count 5**

The defendant is charged in Count Five of the indictment with assault on a federal officer in violation of Section 111(b) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted Special Deputy U.S. Marshal R███ Z███;

Second, the defendant did so while Special Deputy U.S. Marshal R███ Z███ was engaged in, or on account of his official duties; and

Third, the defendant used a deadly or dangerous weapon.

44

**8.2 Assault on Federal Officer or Employee With a Deadly or Dangerous Weapon (18 U.S.C. § 111(b)) Count 6**

The defendant is charged in Count Six of the indictment with assault on a federal officer in violation of Section 111(b) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted Deputy U.S. Marshal N█████ B███;

Second, the defendant did so while Deputy U.S. Marshal N█████ B███ was engaged in, or on account of his official duties; and

Third, the defendant used a deadly or dangerous weapon.

**8.2 Assault on Federal Officer or Employee With a Deadly or Dangerous Weapon (18 U.S.C. § 111(b)) Count 7**

The defendant is charged in Count Seven of the indictment with assault on a federal officer in violation of Section 111(b) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted Deputy U.S. Marshal B██████ P█████;

Second, the defendant did so while Deputy U.S. Marshal B██████ P█████ was engaged in, or on account of his official duties; and

Third, the defendant used a deadly or dangerous weapon.

**8.2 Assault on Federal Officer or Employee With a Deadly or Dangerous Weapon (18 U.S.C. § 111(b)) Count 8**

The defendant is charged in Count Eight of the indictment with assault on a federal officer in violation of Section 111(b) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted Special Deputy U.S. Marshal H█████ G█████;

Second, the defendant did so while Special Deputy U.S. Marshal H█████ G█████ was engaged in, or on account of his official duties; and

Third, the defendant used a deadly or dangerous weapon.

As to Counts Five, Six, Seven, Eight, and Nine charging assault on a federal officer with a deadly or dangerous weapon:

There is a forcible assault when one person willfully attempts to inflict injury on another or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

A firearm is a deadly or dangerous weapon if it is used in a way that is capable of causing death or serious bodily injury.

**14.22 Firearms–Using, Carrying, or Brandishing in Commission of Crime of Violence (18 U.S.C. § 924(c)) Count 9**

The defendant is charged in Count Nine of the indictment with using a firearm during and in relation to First Degree Murder of a Federal Officer in violation of Section 924(c) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of First Degree Murder of a Federal Officer as charged in Count One of the indictment, which I instruct you is a crime of violence; and

Second, the defendant knowingly used a Weaponsmart, model WMX15, rifle during and in relation to that crime by discharging it.

**14.22 Firearms–Using, Carrying, or Brandishing in Commission of Crime of Violence (18 U.S.C. § 924(c)) Count 10**

The defendant is charged in Count Ten of the indictment with using a firearm during and in relation to Attempted Murder of a Federal Officer or Assault of a Federal Officer with a Deadly or Dangerous Weapon in violation of Section 924(c) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of Attempted Murder of a Federal Officer as charged in Count Two of the indictment or Assault of a Federal Officer with a Deadly or Dangerous Weapon as charged in Count Six of the indictment, which I instruct you are both crimes of violence; and

Second, the defendant knowingly used a Weaponsmart, model WMX15, rifle during and in relation to that crime by discharging it.

50

**14.22 Firearms–Using, Carrying, or Brandishing in Commission of Crime of Violence (18 U.S.C. § 924(c)) Count 11**

The defendant is charged in Count Eleven of the indictment with using a firearm during and in relation to Attempted Murder of a Federal Officer or Assault of a Federal Officer with a Deadly or Dangerous Weapon in violation of Section 924(c) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of Attempted Murder of a Federal Officer as charged in Count Three of the indictment or Assault of a Federal Officer with a Deadly or Dangerous Weapon as charged in Count Seven of the indictment, which I instruct you are both crimes of violence; and

Second, the defendant knowingly used a Weaponsmart, model WMX15, rifle during and in relation to that crime by discharging it.

**14.22 Firearms–Using, Carrying, or Brandishing in Commission of Crime of Violence (18 U.S.C. § 924(c)) Count 12**

The defendant is charged in Count Twelve of the indictment with using a firearm during and in relation to Attempted Murder of a Federal Officer or Assault of a Federal Officer with a Deadly or Dangerous Weapon in violation of Section 924(c) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of Attempted Murder of a Federal Officer as charged in Count Four of the indictment or Assault of a Federal Officer with a Deadly or Dangerous Weapon as charged in Count Eight of the indictment, which I instruct you are both crimes of violence; and

Second, the defendant knowingly used a Weaponsmart, model WMX15, rifle during and in relation to that crime by discharging it.

52

**14.22 Firearms–Using, Carrying, or Brandishing in Commission of Crime of Violence (18 U.S.C. § 924(c)) Count 13**

The defendant is charged in Count Thirteen of the indictment with using a firearm during and in relation to Assault of a Federal Officer with a Deadly or Dangerous Weapon in violation of Section 924(c) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of Assault of a Federal Officer with a Deadly or Dangerous Weapon as charged in Count Five of the indictment, which I instruct you is a crime of violence; and

Second, the defendant knowingly used a Weaponsmart, model WMX15, rifle during and in relation to that crime by discharging it.

As to Counts Ten, Eleven, Twelve, and Thirteen charging using a firearm during and in relation to a crime of violence:

A defendant "used" a firearm if he actively employed the firearm during and in relation to the commission of a crime of violence. A defendant does not have to intend to discharge the firearm.

A defendant used a firearm "during and in relation to" the crime if the firearm facilitated or played a role in the crime.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**6.19 Duty to Deliberate**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**6.20 Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings , and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

1

**6.21 Use of Notes**

2          Some of you have taken notes during the trial.  Whether or not you took notes, you

3   should rely on your own memory of what was said. Notes are only to assist your

4   memory.  You should not be overly influenced by your notes or those of your fellow jurors.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**6.22 Jury Consideration of Punishment**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**6.23 Verdict Forms**

      Verdict forms have been prepared for you.  [*Explain verdict form as needed.*]  After you have reached unanimous agreement on each verdict, your foreperson should complete the verdict forms according to your deliberations, sign and date each form, and advise the clerk that you are ready to return to the courtroom.

**6.24 Communication with Court**

　　If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**INSTRUCTIONS THAT MAY BE REQUIRED**

**Adverse Inference Instruction**

The defendant has introduced testimony from Dr. Cronin relating to the defendant's alleged mental health condition. This court ordered the defendant to submit to additional testing by an expert selected by the government.  He refused to submit to this testing.  When assessing the weight to be given to Dr. Cronin's testimony, you may infer, but are not required to infer, that testing by a government expert would have been contrary to Dr. Cronin's testimony and/or unfavorable to the defendant.

**Authority:** Fed. R. Crim P. 12.2; Ninth Circuit Model Jury Instruction 3.19 (Lost or Destroyed Evidence);  *Kansas v. Cheever*, 571 U.S. 87, 98 (2013); *Buchanan v. Kentucky*, 483 U.S. 402 (1987).

**Note:** The government continues to object to the admission of Dr. Cronin's testimony but provides this instruction in response to the Court's previous ruling concerning the use of an adverse inference instruction if the Court rules her testimony is admissible at trial. *See* ECF Doc. 591.