RENE L. VALLADARES
Federal Public Defender
BRAD D. LEVENSON
Assistant Federal Public Defender
California State Bar No. 166073
Brad_Levenson@fd.org
CHRISTOPHER P. FREY
Assistant Federal Public Defender
Nevada State Bar No. 10589
Chris_Frey@fd.org
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax

THERESA M. DUNCAN
Duncan Earnest LLC
New Mexico State Bar No. 12444
teri@duncanearnest.com
P.O. Box 2769
Santa Fe, NM 87504
(505) 842-5196/Phone
(505) 750-9780/Fax

Attorneys for Ryan Phillip Schlesinger

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 18-02719-TUC-RCC (BGM) |
|---|---|
| Plaintiff, | **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**[1] |
| v. | |
| Ryan Phillip Schlesinger, | |
| Defendant. | |

Mr. Schlesinger submits the following proposed jury instructions.

---

[1] These proposed jury instructions are timely filed. *See* ECF No. 512.

# I.   DEFENDANT'S PROPOSED JURY INSTRUCTIONS[2]

The following are Mr. Schlesinger's proposed jury instructions taken directly from the Ninth Circuit Model Jury Instructions (2022 ed.):[3]

- Duty of the Jury – 1.1
- The Charge – Presumption of Innocence – 1.2
- What is Evidence – 1.3
- Direct and Circumstantial Evidence – 1.5
- Credibility of Witnesses – 1.7
- Statements by Defendant – 3.1
- Other Crimes, Wrongs, or Acts of Defendant – 3.3
- Opinion Evidence, Expert Witness – 3.14
- Duty of Jury to Find Facts and Follow Law – 6.1
- Defendant's Decision to/not to Testify – 6.3/6.4
- Reasonable Doubt – Defined – 6.5
- Duty to Deliberate – 6.19

The following are Mr. Schlesinger's proposed jury instructions that include language modified from the from the Ninth Circuit Model Criminal Jury Instructions (2022 ed.):

- First Degree Murder
- Lesser Included Offenses
- Second Degree Murder
- Voluntary Manslaughter
- Involuntary Manslaughter
- Attempted Murder of a Federal Officer
- Assault on a Federal Officer

---

[2] Mr. Schlesinger preserves the right to supplement or amend this proposed list.

[3] It is defense counsel's understanding the Court does not require the language of unmodified Ninth Circuit model criminal jury instructions and that it will provide all the standard model instructions, including the ones not delineated on this list. *See* Ninth Circuit Model Criminal Jury Instructions (2022 ed.), www.ce9.uscourts.gov/jury-instructions/sites/default/files/WPD/Criminal_Instructions_2023_05.pdf).   However, should it be helpful to the Court, undersigned will happily provide the language of the model instructions upon request.

- Using a Firearm During a Crime of Violence
- Self-Defense
- Duty to Acquit
- Knowingly
- No Duty to Retreat
- Finding Facts Without Bias or Prejudice
- Adverse Inference
- Excessive Force

**Proposed Defense Instruction 1: First Degree Murder**

Mr. Schlesinger is charged in Count 1 with first degree murder of a federal officer in violation of Sections 1111 and 1114 of Title 18 of the United States Code. For Mr. Schlesinger to be found guilty of first degree murder, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Schlesinger unlawfully killed Chase White;

Second, Mr. Schlesinger killed Chase White with malice aforethought;

Third, the killing was premeditated;

Fourth, Chase White was a federal officer;

Fifth, Mr. Schlesinger did not act in reasonable self-defense; and

Sixth, the killing occurred while Chase White was engaged in, or on account of his official duties.

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life. If you find that Mr. Schlesinger acted in sudden quarrel or in the heat of passion caused by adequate provocation, he acted without malice aforethought. Heat of passion may be provoked by fear, rage, anger, or terror. Provocation, in order to be adequate, must be such as might arouse a reasonable and ordinary person to kill someone.

In order to show that Mr. Schlesinger acted with malice aforethought, the government must prove that Mr. Schlesinger did not act in the heat of passion beyond a reasonable doubt.

Premeditation means with planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be

4

long enough, after forming the intent to kill, for the killer to have been fully conscious of the intent and to have considered the killing.

If you find Mr. Schlesinger acted in self-defense, he is not guilty of first degree murder. Mr. Schlesinger is not guilty if (1) Mr. Schlesinger reasonably believed that use of force was necessary to defend himself against an immediate use of unlawful force, and (2) Mr. Schlesinger used no more force than appeared reasonably necessary in the circumstances.

Force which is likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.

**Authority**: Ninth Cir. Model Crim. Jury Instr. 16.1, 16.2 (Comment), 16.6, 5.10 (comment), 8.2, 8.3 (modified); *Kleeman v. U.S. Parole Comm'n*, 125 F.3d 725, 731 (9th Cir. 1997) ("A finding of 'heat of passion' and adequate provocation negates the presence of malice.  Neither of these circumstances need be present, however, to reduce murder to manslaughter; rather, they constitute "evidence [that] acts in the nature of a defense to the murder charge." [*United States v. Quintero,* 21 F.3d 885, 890 (9th Cir. 1994).] 'Intent without malice, not the heat of passion, is the defining characteristic of voluntary manslaughter.' *Id.*'"); *Quintero*, 21 F.3d at 890 ("The defendant attempts to negate the malice element by claiming, in essence, that she was not acting maliciously because some extreme provocation, beyond what a reasonable person could be expected to withstand, severely impaired her capacity for self-control in committing the killing. Once such evidence is raised, the burden is on the government to prove beyond a

reasonable doubt the absence of sudden quarrel or heat of passion before a conviction for murder can be sustained.").

**Proposed Defense Instruction 2: Lesser Included Offenses**

Second degree murder, voluntary manslaughter, and involuntary manslaughter are lesser included offenses of first degree murder.

**Authority**: Ninth Cir. Model Crim. Jury Instr. 6.14 (modified); *United States v. Gooday*, 714 F.2d 80, 82 (9th Cir. 1983) ("second-degree murder [is] a lesser included offense under the indictment's first-degree murder count"); *United States v. Arnt*, 474 F.3d 1159, 1163 (9th Cir. 2007) (voluntary and involuntary manslaughter are lesser included offenses of murder);

**Proposed Defense Instruction 3: Second Degree Murder**

The crime of first degree murder includes the lesser crime of second degree murder. If (1) any of you is not convinced beyond a reasonable doubt that Mr. Schlesinger is guilty of first degree murder; and (2) all of you are convinced beyond a reasonable doubt that Mr. Schlesinger is guilty of the lesser crime of second degree murder, you may find Mr. Schlesinger guilty of second degree murder.

For Mr. Schlesinger to be found guilty of second degree murder, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Schlesinger unlawfully killed Chase White;

Second, Mr. Schlesinger killed Chase White with malice aforethought;

Third, Chase White was a federal officer;

Fourth, Mr. Schlesinger did not act in reasonable self-defense; and

Fifth, the killing occurred while Chase White was engaged in, or on account of his official duties.

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life. If you find that Mr. Schlesinger acted in sudden quarrel or in the heat of passion caused by adequate provocation, he acted without malice aforethought. Heat of passion may be provoked by fear, rage, anger, or terror. Provocation, in order to be adequate, must be such as might arouse a reasonable and ordinary person to kill someone.

In order to show that Mr. Schlesinger acted with malice aforethought, the government must prove Mr. Schlesinger did not act in heat of passion beyond a reasonable doubt.

8

If you find Mr. Schlesinger acted in self-defense, he is not guilty of second degree murder. Mr. Schlesinger is not guilty if (1) Mr. Schlesinger reasonably believed that use of force was necessary to defend himself against an immediate use of unlawful force, and (2) Mr. Schlesinger used no more force than appeared reasonably necessary in the circumstances.

Force which is likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.

**Authority**: Ninth Cir. Model Crim. Jury Instr. 16.2, 16.2 (Comment), 5.10 (comment), 16.6, 8.2, 8.3 (modified); *Kleeman v. U.S. Parole Comm'n*, 125 F.3d 725, 731 (9th Cir. 1997) ("A finding of 'heat of passion' and adequate provocation negates the presence of malice.  Neither of these circumstances need be present, however, to reduce murder to manslaughter; rather, they constitute "evidence [that] acts in the nature of a defense to the murder charge." [United States v. *Quintero,* 21 F.3d 885, 890 (9th Cir. 1994).] 'Intent without malice, not the heat of passion, is the defining characteristic of voluntary manslaughter.' *Id.*'"); *Quintero*, 21 F.3d at 890 ("The defendant attempts to negate the malice element by claiming, in essence, that she was not acting maliciously because some extreme provocation, beyond what a reasonable person could be expected to withstand, severely impaired her capacity for self-control in committing the killing. Once such evidence is raised, the burden is on the government to prove beyond a reasonable doubt the absence of sudden quarrel or heat of passion before a conviction for murder can be sustained.").

**Proposed Defense Instruction 4: Voluntary Manslaughter**

The crime of murder includes the lesser crime of voluntary manslaughter. If (1) any of you is not convinced beyond a reasonable doubt that Mr. Schlesinger is guilty of murder; and (2) all of you are convinced beyond a reasonable doubt that Mr. Schlesinger is guilty of the lesser crime of voluntary manslaughter, you may find Mr. Schlesinger guilty of voluntary manslaughter.

For Mr. Schlesinger to be found guilty of voluntary manslaughter, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Schlesinger unlawfully killed Chase White;

Second, while in a sudden quarrel or heat of passion, caused by adequate provocation:

> a) Mr. Schlesinger intentionally killed Chase White; or

> b) Mr. Schlesinger killed Chase White recklessly with extreme disregard for human life;

Third, Mr. Schlesinger did not act in reasonable self-defense;

Fourth, Chase White was a federal officer; and

Fifth, the killing occurred while Chase White was engaged in, or on account of his official duties.

Heat of passion may be provoked by fear, rage, anger, or terror. Provocation, in order to be adequate, must be such as might arouse a reasonable and ordinary person to kill someone.

If you find Mr. Schlesinger acted in self-defense, he is not guilty of voluntary manslaughter. Mr. Schlesinger is not guilty if (1) Mr. Schlesinger reasonably believed that use of force was necessary to defend himself against an immediate use of unlawful

force, and (2) Mr. Schlesinger used no more force than appeared reasonably necessary in the circumstances.

Force which is likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.

**Authority**: Ninth Cir. Model Crim. Jury Instr. 16.3, 16.6, 5.10 (comment), 8.2, 8.3 (modified); *United States v. Begay*, 33 F.4th 1081, 1094 (9th Cir.), *cert. denied*, 143 S. Ct. 340, 214 L. Ed. 2d 153 (2022) ("The difference between th[e] recklessness [that] displays depravity and such extreme and wanton disregard for human life as to constitute 'malice' and th[e] recklessness that amounts only to manslaughter lies in the quality of awareness of the risk.").

**Proposed Defense Instruction 5: Involuntary Manslaughter**

The crime of murder includes the lesser crime of involuntary manslaughter. If (1) any of you is not convinced beyond a reasonable doubt that Mr. Schlesinger is guilty of murder; and (2) all of you are convinced beyond a reasonable doubt that Mr. Schlesinger is guilty of the lesser crime of involuntary manslaughter, you may find Mr. Schlesinger guilty of involuntary manslaughter.

For Mr. Schlesinger to be found guilty of involuntary manslaughter, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Schlesinger committed an act that might produce death;

Second, Mr. Schlesinger acted with gross negligence, defined as wanton or reckless disregard for human life;

Third, Mr. Schlesinger's act was the proximate cause of the death of Chase White;

Fourth, the killing was unlawful;

Fifth, Mr. Schlesinger either knew that such conduct was a threat to the lives of others or knew of circumstances that would reasonably cause the defendant to foresee that such conduct might be a threat to the lives of others;

Sixth, Mr. Schlesinger did not act in reasonable self-defense;

Seventh, Chase White was a federal officer; and

Eighth, the killing occurred while Chase White was engaged in, or on account of his official duties.

A proximate cause is one that played a substantial part in bringing about the death, so that the death was the direct result or a reasonably probable consequence of Mr. Schlesinger's act.

Gross negligence is ordinary recklessness with minimal awareness of the risk to human life.

If you find Mr. Schlesinger acted in self-defense, he is not guilty of involuntary manslaughter. Mr. Schlesinger is not guilty if (1) Mr. Schlesinger reasonably believed that use of force was necessary to defend himself against an immediate use of unlawful force, and (2) Mr. Schlesinger used no more force than appeared reasonably necessary in the circumstances.

Force which is likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.

**Authority**: Ninth Cir. Model Crim. Jury Instr. 16.4, 16.6, 5.10 (comment), 8.2, 8.3 (modified); *United States v. Begay*, 33 F.4th 1081, 1093-94 (9th Cir.), *cert. denied*, 143 S. Ct. 340, 214 L. Ed. 2d 153 (2022) (clarifying that involuntary manslaughter is met by proving mere "ordinary recklessness"); *Begay*, 33 F.4th at 1094 (quoting *United States v. Lesina*, 833 F.2d 156, 159 (9th Cir. 1987) (cleaned up) ("The difference between the recklessness that displays depravity and such extreme and wanton disregard for human life as to constitute 'malice' and the recklessness that amounts only to manslaughter lies in the quality of awareness of the risk [to human life].")

**Proposed Defense Instruction 6-8: Attempted Murder of a Federal Officer**

Mr. Schlesinger is charged in Count 2/3/4 with attempted murder of a federal officer in violation of Sections 1113 and 1114 of Title 18 of the United States Code. For Mr. Schlesinger to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Schlesinger did something that was a substantial step toward killing Nicholas Bahen/Ben Peterson/H. Goehring and that strongly corroborated Mr. Schlesinger's intent to commit that crime;

Second, when Mr. Schlesinger took that substantial step, Mr. Schlesinger intended to kill Nicholas Bahen/ Ben Peterson/ H. Goehring;

Third, Mr. Schlesinger did not act in reasonable self-defense;

Fourth, Nicholas Bahen/ Ben Peterson/ H. Goehring was a federal officer; and

Fifth, the attempted killing occurred while Nicholas Bahen/ Ben Peterson/ H. Goehring was engaged in, or on account of his official duties.

A "substantial step" is conduct that strongly corroborated the defendant's intent to commit the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances. Mere preparation is not a substantial step toward committing the crime.

 If you find Mr. Schlesinger acted in self-defense, he is not guilty of attempted murder of a federal officer. Mr. Schlesinger is not guilty if (1) Mr. Schlesinger reasonably believed that use of force was necessary to defend himself against an immediate use of unlawful force, and (2) Mr. Schlesinger used no more force than appeared reasonably necessary in the circumstances.

Force which is likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.

**Authority**: Ninth Cir. Model Crim. Jury Instr. 16.5, 16.6, 5.10 (comment), 8.2, 8.3 (modified).

**Proposed Defense Instruction 9-12: Assault on a Federal Officer**

Mr. Schlesinger is charged in Count 5/6/7/8 with assault on a federal officer in violation of Section 111(b) of Title 18 of the United States Code. For Mr. Schlesinger to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Schlesinger forcibly assaulted Richard Zormier/ Nicholas Bahen/ Ben Peterson/ H. Goehring;

Second, Mr. Schlesinger did not act in reasonable self-defense;

Third, Mr. Schlesinger did so while Richard Zormier/ Nicholas Bahen/ Ben Peterson/ H. Goehring was engaged in, or on account of his official duties; and

Fourth, Mr. Schlesinger used a deadly or dangerous weapon.

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

A firearm is a deadly or dangerous weapon if it is used in a way that is capable of causing death or serious bodily injury.

If you find Mr. Schlesinger acted in self-defense, he is not guilty of assault on a federal officer. Mr. Schlesinger is not guilty if (1) Mr. Schlesinger reasonably believed that use of force was necessary to defend himself against an immediate use of unlawful force, and (2) Mr. Schlesinger used no more force than appeared reasonably necessary in the circumstances.

Force which is likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.

**Authority**: Ninth Cir. Model Crim. Jury Instr. 8.2, 8.3 (modified), 5.10 (comment).

**Proposed Defense Instruction 13-17: Using a Firearm During a Crime of Violence**

Mr. Schlesinger is charged in Counts 9-13 of the indictment with using and discharging a firearm during and in relation to crimes alleged in Counts 1-8 in violation of Section 924(c) of Title 18 of the United States Code. For Mr. Schlesinger to be found guilty of those charges, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Schlesinger committed the crime of murder/attempted murder/assault as charged in Counts 1-8 of the indictment, which I instruct you is a crime of violence; and

Second, Mr. Schlesinger knowingly used and discharged the Weaponsmart, model WMX15 multi-caliber rifle, s/n WX0008l, during and in relation to that crime.

A defendant "used" a firearm if he actively employed the firearm during and in relation to the crimes alleged in Counts 1-8.

A defendant used a firearm "during and in relation to" the crime if the firearm facilitated or played a role in the crime.

**Authority**: Ninth Cir. Model Crim. Jury Instr. 14.22 (modified).

18

1

**Proposed Defense Instruction 18: Self-Defense**

2

Mr. Schlesinger has offered evidence of having acted in self-defense.  Use of

3

force is justified when a person reasonably believes that it is necessary for the defense

4

of oneself or another against the immediate use of unlawful force. However, a person

5

must use no more force than appears reasonably necessary under the circumstances.

6

Force likely to cause death or great bodily harm is justified in self-defense only

7

if a person reasonably believes that such force is necessary to prevent death or great

8

bodily harm.

9

The government must prove beyond a reasonable doubt, with all of you

10

agreeing, that Mr. Schlesinger did not act in reasonable self-defense. If any of you

11

determines Mr. Schlesinger acted in reasonable self-defense, you cannot convict.

12

13

14

**Authority**: Ninth Cir. Model Crim. Jury Instr. 5.10, 6.27 (modified); *United States v.*

15

*Ramirez*, 537 F.3d 1075, 1083 (9th Cir. 2008) (approving instruction that included

16

specific unanimity within self-defense instruction consistent with this instruction and

17

Instruction 5.10 (Self-Defense)).

18

19

20

21

22

23

24

25

26

19

**Proposed Defense Instruction 19: Duty to Acquit**

You have heard evidence that Mr. Schlesinger acted in self-defense. It is not first degree murder, second degree murder, voluntary manslaughter, involuntary manslaughter, attempted murder, or assault if Mr. Schlesinger acted in reasonable self-defense.

It is the government's burden to disprove that Mr. Schlesinger acted in reasonable self-defense beyond a reasonable doubt. If the government has not disproved self-defense beyond a reasonable doubt, you cannot convict.

**Authority**: A defendant is entitled to instructions relating to a defense theory "for which there is any foundation in the evidence" even when the evidence is "weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Burt*, 410 F.3d 1100, 1103 (9th Cir. 2005)*; United States v. Lesina*, 833 F.2d 156, 160 (9th Cir. 1987) (same).

**Proposed Defense Instruction 20: Knowingly**

An act is done knowingly if Mr. Schlesinger is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that Mr. Schlesinger knew that his acts or omissions were unlawful. You may consider evidence of Mr. Schlesinger's words, acts, or omissions, along with all the other evidence, in deciding whether Mr. Schlesinger acted knowingly.

**Authority**: Ninth Cir. Model Crim. Jury Instr. 4.8 (modified).

**Proposed Defense Instruction 21: No Duty to Retreat**

There is no duty to retreat before using deadly force in self-defense in one's own home.

**Authority**: *Beard v. United States*, 158 U.S. 550, 562 (1895) ("The weight of modern authority, in our judgment, establishes the doctrine that when a person, being without fault, and in a place where he has a right to be, is violently assaulted, he may, without retreating, repel force by force, and if, in the reasonable exercise of his right of self-defense, his assailant is killed, he is justifiable."); *Brown v. United States*, 256 U.S. 335, 343 (1921) ("[I]if a man reasonably believes that he is in immediate danger of death or grievous bodily harm from his assailant he may stand his ground and that if he kills him he has not succeeded the bounds of lawful self defense . . . . Detached reflection cannot be demanded in the presence of an uplifted knife. Therefore in this Court, at least, it is not a condition of immunity that one in that situation should pause to consider whether a reasonable man might not think it possible to fly with safety or to disable his assailant rather than to kill him." ); *Rowe v. United States*, 164 U.S. 546, 556 (1896) ("If a person, under the provocation of offensive language, assaults the speaker personally, but in such a way as to show that there is no intention to do him serious bodily harm, and then retires under such circumstances as show that he does not intend to do anything more, but in good faith withdraws from further contest, his right of self-defense is restored when the person assaulted, in violation of law, pursues him with a deadly weapon, and seeks to take his life, or do him great bodily harm."); *United States v. Steven Bryan*, Case No. 3:19-cr-60-MMD-WGC, ECF No. 136, p. 22 (Jun. 16, 2021) (instructing jury with this language).

**Proposed Defense Instruction 22: Finding Facts Without Bias or Prejudice**

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals stand as equals at the bar of justice. The question before you can never be: will the government win or lose the case. The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

**Authority**: *Pena-Rodriguez v. Colorado*, 137 S. Ct. 855, 871 (2017) (emphasizing the importance of jury instructions as a bulwark against bias); *United States v. Steven Bryan*, Case No. 3:19-cr-60-MMD-WGC, ECF No. 136, p. 35 (Jun. 16, 2021) (instructing jury with this language); *see also Spaziano v. Fla.*, 468 U.S. 447, 462, 104 S. Ct. 3154, 3163, 82 L. Ed. 2d 340 (1984), *overruled by Hurst v. Fla.*, 577 U.S. 92, 136 S. Ct. 616, 193 L. Ed. 2d 504 (2016) (noting the "jury's role as a link between the community and the penal system and as a bulwark between the accused and the State").

**Proposed Defense Instruction 23: Adverse Inference**

The Fifth Amendment of the United States Constitution affords every person the right to decline to answer questions posed by government agents. However, when a defendant seeks to introduce expert evidence relating to a mental disease or defect or any other mental condition bearing on the issue of guilt, a trial court may order the defendant to submit to an examination by government experts. In this case, Mr. Schlesinger provided notice that he intended to introduce such expert evidence, and I ordered him to submit to an examination by government experts. Mr. Schlesinger refused to participate in those examinations.

Because Mr. Schlesinger refused to participate in the government examinations, you may, but are not required to, draw an adverse inference against his alleged mental health diagnosis. Any inference you may draw should be based upon all of the facts and circumstances in this case as you may find them.

**Authority**: Fed. R. Crim. P. 12.2; U.S. Const. Amend. V; *Springs v. Kelley*, No. 5:13-CV-00005 BSM, 2019 WL 3268810, at *1 (E.D. Ark. July 19, 2019); *S.E.C. v. Jasper*, 678 F.3d 1116, 1125 (9th Cir. 2012).

### Proposed Defense Instruction 24: Excessive Force

Excessive use of force in the pursuit of official duty is not considered a good faith performance of official duties. An individual has the right to resist a federal officer who is using excessive force. In resisting, an individual can use the force he reasonably believes is necessary to protect himself against that unlawful force.

**Authority**: *United States v. Ornelas*, 906 F.3d 1138, 1147-48 (9th Cir. 2018); Mr. Schlesinger has "a constitutional right to have the jury instructed according to his theory of the case" so long as the instruction he requests is "supported by law and has some foundation in the evidence." *United States v. Marguet-Pillado*, 648 F.3d 1001, 1006 (9th Cir. 2011) (cleaned up); *United States v. Span*, 970 F.2d 573 (9th Cir. 1992), and *United States v. Span*, 75 F.3d 1383 (9th Cir. 1996).